IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT C. TANNER, | ) | CIV. NO. 11-00255 SOM/RLP |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION AND |
| | ) | DENYING PENDING MOTIONS |
| vs. | ) | |
| | ) | |
| PETE MACDONALD, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER DISMISSING PETITION AND DENYING PENDING MOTIONS**

Petitioner Robert C. Tanner has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Tanner challenges a pending criminal proceeding in the Circuit Court of the Third Circuit, State of Hawaii ("circuit court").[1] *See State v. Tanner*, 3PC 11-1-000066 at: Hawai'i State Judiciary's Public Access to Court Information, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/. Tanner also moves for an order compelling the prison to provide him with his prison trust account statement, envelopes, library time, pens, paper, his medical and legal records, and unspecified religious accommodations. In the alternative, Tanner seeks dismissal of all state charges against him and the expungement of

---

[1] Tanner's state criminal case commenced on February 21, 2011. He is awaiting trial in the circuit court on two misdemeanor charges: criminal trespass in the second degree and resisting arrest, in violation of Haw. Rev. Stat. §§ 708-0814(1)(b) and 710-1026, respectively. The case has not yet proceeded to trial, and, as recently as April 13, 2011, Tanner's attorney moved to withdraw as counsel. *See* 3PC11-1-000066, Doc. #24.

any "strike" he may have accrued in Civ. No. 11-00127 DAE, pursuant to 28 U.S.C. § 1915(g).

The Petition is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[2] and all pending motions are DENIED.

## I. TANNER'S CLAIMS

Tanner's Petition is somewhat of a hybrid of causes of action. Tanner first challenges the state foreclosure proceedings initiated on property where he maintained and operated his ministry. He then complains of the conditions of his confinement at the Hawaii Community Correctional Center ("HCCC"). Finally, Tanner raises claims concerning his current criminal proceedings, apparently initiated on charges stemming from his eviction from the church property.

Specifically, Tanner protests that: (1) the foreclosure proceedings instituted against his church property were unlawful and violated his religious rights under the First Amendment

---

[2] Rule 4 also applies to petitions brought under § 2241. *See e.g.; Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241; *United States v. Recinos-Gallegos*, 151 F. Supp. 2d 659 (D. Md. 2001) (dismissing petition construed as falling under § 2241 pursuant to Rule 4). *See also* Rule 1(b) of the 2254 Rules"); *Ukawabutu v. Morton*, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) ("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to [§ 2241] as well as [§ 2254.]"). Thus, the court has authority to dismiss this Petition preservice under Rule 4.

(Ground One); (2) HCCC's improper grievance procedures violate the Eighth Amendment (Ground Two); (3) HCCC's insufficient law library access violates the Fifth and Fourteenth Amendments (Ground Three); (4) assaults against him by two prison guards violated the Eighth Amendment; (5) the bench warrant for his arrest was unsigned, violating state and federal law (Ground Five); (6) he is innocent of the theft offense he claims he has been charged with (Ground Six); (7) Circuit Judge Nakamura is biased (Ground Seven); (8) the state prosecutor violated 18 U.S.C. § 3161, the federal Speedy Trial Act, by refusing to obey court orders and turn over discovery to Tanner (Ground Eight); (9) he is being denied a jury trial in violation of the Seventh Amendment (Ground Nine); and (10) his counsel is ineffective (Ground Ten).[3]

## II. LEGAL STANDARD

A federal writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[I]t is § 2241 that provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant

---

[3] After Ground Ten, Tanner attaches pages designated as "Count I," detailing Tanner's arguments for ineffective assistance of counsel. See Doc. 1-2, Pet. at 4. These pages are copied from Tanner's previous prisoner civil rights action, Civ. No. 11-00127, DAE, that was dismissed on March 17, 2011, for failure to state a claim. See Civ. No. 11-00127 DAE, Doc. #4.

3

of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F.3d 724, 736 (9th Cir. 2008) (*en banc*). Therefore, when no state court judgment has yet been rendered, a pretrial detainee's request for federal habeas corpus relief is properly brought under 28 U.S.C. § 2241(c)(3). *See Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004); *McNeely v. Blanas*, 336 F.3d 822, 824, n. 1 (9th Cir. 2003).

### III. DISCUSSION

There are numerous problems with Tanner's claims in this Petition, each requiring dismissal of this action without prejudice.

**A. Tanner's Habeas Claims in Grounds Five Through Six**

Only six of Tanner's ten claims challenge his current custody as violating the Constitution or laws of the United States. *See* Pet., Doc. 1, Grounds Five through Ten. These claims, although properly raised in a § 2241 petition, are premature and must be dismissed without prejudice as set forth below.

*1. Abstention*

Dismissal of Tanner's claims for injunctive habeas relief is required under the *Younger* abstention doctrine, providing that, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent

extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *see also Samuels v. Mackell*, 401 U.S. 66, 69 (1971) ("a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury"); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) ("When the case is one in which the *Younger* doctrine applies, the case must be dismissed.").

*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994).

All three *Younger* elements are present here.  First, Tanner is a defendant in an ongoing state criminal proceeding that commenced approximately two months ago, prior to Tanner's filing of this action in federal court.

Second, Tanner's pending criminal proceeding involves the State of Hawaii's interests in protecting its citizens from crime and punishing those responsible for criminal actions.  *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 225 (9th Cir. 1994); *Clifton v. Cox*, 549 F.2d 722, 729 (9th Cir. 1977) (a

federal court should not ordinarily interfere with state court actions in which the state is seeking to enforce its own laws); *State v Raitz*, 621 P.2d 352, 360 (Haw. 1980) (stating that there are "[c]ompelling State interests in law enforcement and public safety and in the humane treatment of the mentally disturbed[.]"

Third, Tanner's criminal proceeding affords him an adequate opportunity to raise the claims at issue here. Tanner may challenge the judge's alleged bias and raise his speedy trial and jury trial claims in the state court, and on appeal if necessary. Insofar as Tanner claims he is innocent of theft, a charge that is not reflected in his state court record, the state criminal trial is the vehicle for that determination, not a petition for relief in the federal court. Tanner's dissatisfaction with his counsel is, in fact, currently pending in the state court, as reflected by the motions that have been filed in his criminal proceeding. *See State v. Tanner*, 3PC11-1-000066, Doc. #10 ("Defendant's Waiver of Right to Attorney"), and Doc. #24 ("Motion to Withdraw as Counsel"). Moreover, as discussed *infra*, Tanner may not raise ineffective assistance of counsel claims until those claims have been exhausted in the state court.

Finally, Tanner's allegations that the bench warrant issued for his arrest was unsigned and therefore does not conform to Rule 9 of the Hawaii Rules of Penal Procedure must be raised

6

first with the trial court, and, in any event, presents no federal question.[4]

Moreover, Tanner is represented by counsel in his underlying criminal proceedings, which also mitigates against any argument that he cannot adequately raise any constitutional issue to the state courts. The Hawaii state courts, as courts of general jurisdiction, clearly have jurisdiction to address any constitutional issues that Tanner may raise. Finally, as pled in the Petition, this case does not present any extraordinary circumstance justifying federal interference with the state court criminal proceedings. *See Middlesex*, 457 U.S. at 437 (holding that a petitioner must show he would suffer "irreparable harm" that is both "great and immediate" if the federal court were to decline jurisdiction, there is bad faith or harassment on the part of the state in prosecuting him, or the state tribunal is biased against the federal claim); *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975); *Younger*, 401 U.S. at 46. Tanner fails to allege or demonstrate any basis for an exception under *Younger*. Accordingly, the court abstains from hearing Tanner's claims for injunctive habeas relief in Grounds Five through Ten, and dismisses those claims without prejudice.

---

[4] More important, the bench warrant is, in fact, electronically signed by the Honorable William E. Smith. *See* Pet. Doc. 1-1 at 13, Att. C.

### 2. Exhaustion

Although the question has not been explicitly decided by the Ninth Circuit Court of Appeals, "federal courts [generally] elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden* v. Montana, 626 F.2d 82, 83 (9th Cir. 1980); *compare Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91(1973) (emphasizing that the § 2241 petitioner "exhausted all available state court remedies for consideration of [his speedy trial] constitutional claim"), and *McNeely*, 336 F.3d at 826 (same), *with White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to . . . state court exhaustion requirements.").

In the present case, Tanner's lack of exhaustion is obvious. Tanner is awaiting trial and is represented by counsel. Tanner does not allege that he has raised his claims of constitutional violations to the state trial or appellate courts, or that he has filed any state petition for collateral relief with respect to any of his claims. It therefore appears that he has not exhausted his state judicial remedies. See *Devaughn v. Sniff*, 2008 WL 4808640, *5 (C.D. Cal. 2008); *see also James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Tanner's claims in Grounds Five through Ten must also be dismissed without prejudice as

unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [] the applicant has exhausted the remedies available in the courts of the State").

**C. Tanner's Remaining Claims in Grounds One Through Four**

In Ground One, Tanner challenges the foreclosure proceedings under which his church was taken. This claim is improperly brought in a petition for writ of habeas corpus, whose sole purpose is to challenge whether a petitioner's detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This claim is dismissed without prejudice to Tanner's raising it in a state or federal civil action challenging the foreclosure of the property.

In Grounds Two through Four, Tanner challenges the conditions of confinement at HCCC. The preferred practice within the Ninth Circuit is that challenges to conditions of confinement be brought in a civil rights complaint, not in a habeas petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Moreover, "habeas jurisdiction is

9

absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir. 2003).

Tanner's claims in Grounds Two through Four must be brought in a civil rights complaint, not a habeas petition, because he is challenging the conditions of his confinement, not the fact or duration of his custody, and success on his claims will not shorten his sentence. Accordingly, Grounds Two through Four are DISMISSED without prejudice to Tanner reasserting these claims in a civil rights complaint under 42 U.S.C. § 1983.

**D. Tanner's Motion To Compel Is Denied**

Tanner moves for an order compelling HCCC to provide him with pens, paper, envelopes, his medical and legal records, law library access, a copy of his prison trust account, and unidentified religious accommodations.[5] As the court has dismissed all of Tanner's claims, the Motion is DENIED as moot. It also appears that Tanner has received most of the relief he sought. It is obvious he has a pen, paper, envelopes, and a copy of his prison trust account (which is attached to the Motion). If Tanner chooses to commence a civil rights action realleging the dismissed conditions of confinement claims in this Petition,

---

[5] It appears that Tanner seeks to be allowed the use of medical marijuana while in prison, although this is unclear. *See* Mot. to Compel, Doc. 3 at 2.

and if he is still experiencing difficulties obtaining the items he alleges in the Motion, he may seek relief in the new action.

To the extent Tanner challenges the decisions made in Civ. No. 1-00127 DAE, concerning whether his claims failed to state a claim and thus constitute a strike under 28 U.S.C. § 1915(g), Tanner's only avenue for relief is through appeal to the United States Court of Appeals for the Ninth Circuit. *See* Fed. R. App. Proc. 4(a)(1).

## II. CONCLUSION

The Petition and action are DISMISSED without prejudice. The Clerk of Court is directed to close this case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 27, 2011.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tanner v. MacDonald*, Civ. No. 11-00255 SOM/RLP; Order Dismissing Petition And Denying Pending Motions; psas\Habeas\DMP\2011\2255 & 2241\Tanner 11-255 SOM (dsm 2241 st pre-tr detainee)